UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SANDRA REMILIEN,

       Plaintiff,

v.

GLOBAL REALTY PARTNERS, INC.,
IGOR GENERALOV,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SANDRA REMILIEN, brings this action against Defendants, GLOBAL REALTY PARTNERS, INC. and IGOR GENERALOV, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

3. At all times material hereto, Plaintiff SANDRA REMILIEN was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

4. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA by, among other activity, communicating across state lines and uploading and transmitting communications and writings to the internet and across state lines.

5. At all times material hereto, Defendant, GLOBAL REALTY PARTNERS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in

the field of real estate operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, IGOR GENERALOV, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, GLOBAL REALTY PARTNERS, INC.; said Defendant acted and acts directly in the interests of Defendant, GLOBAL REALTY PARTNERS, INC., in relation to said co-Defendant's employees. Defendant effectively dominates GLOBAL REALTY PARTNERS, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, IGOR GENERALOV was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff SANDRA REMILIEN accepted employment and began working for Defendants as a web content writer.

8. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

9. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. To the extent that unpaid overtime work is discovered through litigation, Plaintiff also claims unpaid overtime wages pursuant to the FLSA.

14.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## GLOBAL REALTY PARTNERS, INC.

15.     Plaintiff reallege and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16.     Plaintiff entered into an oral contracts for wages at the rates of pay indicated in Plaintiff's statement of claim.

17.     Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

18. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

19. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

> Respectfully submitted,
>
> Koz Law, P.A.
> 80 S.W. 8th Street, Suite 2000
> Miami, Florida 33130
> Phone: (786) 924-9929
> Fax:    (786) 358-6071
> Email: ekoz@kozlawfirm.com
>
> Elliot Kozolchyk, Esquire
> Bar No.: 74791